IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**DEBORAH HAYES,**

    **Plaintiff,**

vs.                                            CASE NO. 1:07CV120-MP/AK

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

    **Defendant.**

_____/


## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications [for disability insurance benefits (DIB) under Title II of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

### A.  PROCEDURAL HISTORY

Plaintiff filed an application for DIB on November 12, 2002, alleging a disability onset date of March 24, 2002, because of back pain, knee pain, and a seizure disorder (R78-80).  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on July 7, 2005 (R513), and entered an unfavorable decision

on February 13, 2006 (R31). The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner (R6-8). This action followed.

B.     **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff could not perform her past relevant work, but found her "not disabled" because she could perform a significant number of jobs in the national economy, which was established with the help of a vocational expert (R28-31)**.** The ALJ rejected Plaintiff's subjective complaints of pain because Dr. Depaz' treating physician opinion was unsupported by his objective findings and Dr. Lipoff's treating physician opinion came after a 2-year period of not having treated Plaintiff (R27-31).

C.     **ISSUES PRESENTED**

Plaintiff argues that the ALJ committed error by rejecting Plaintiff's treating physicians' opinions. Plaintiff also argues that the ALJ failed to properly assess Plaintiff's credibility because the ALJ did not articulate explicit and adequate reasons based on substantial evidence for discrediting Plaintiff's pain testimony.

The Commissioner responds that the ALJ properly rejected the treating physicians' opinions. The Commissioner notes that the ALJ found Dr. Depaz' opinion to be unsupported by his earlier medical findings and based solely on Plaintiff's subjective complaints of pain. The ALJ gave no weight to Dr. Lipoff's opinion because he completed the checklist-type form more than two years after treating Plaintiff and without even reviewing Plaintiff's medical history for the intervening period.

**No. 1:07CV120-MMP/AK**

The Commissioner further responds that the ALJ properly assessed Plaintiff's credibility and based all findings on substantial evidence in the record. For example, the ALJ found that Plaintiff's symptoms stabilized with physical therapy (R26) and Plaintiff's seizures were well-controlled with medication (R27). The ALJ also noted that Plaintiff's normal daily activities and continued search for work were not commensurate with her disability claim.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

### D.   STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86

F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

   A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

   Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

**No. 1:07CV120-MMP/AK**

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

E. **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff first injured her back and knees while on the job in October 1999 (R267-268), which resulted in a Worker's Compensation settlement of $165,750.00 (R81-89).

**No. 1:07CV120-MMP/AK**

Plaintiff's back and knees improved throughout the first half of 2000 while under the care of Dr. Scott (R190-192). In August 2000, Plaintiff was treated for a seizure (R253-260). In September 2000, Plaintiff underwent emergency back surgery and reported pain and motion improvement to Dr. Scott throughout her 2001 follow-up appointments (R183-185).

In February 2001, Dr. Petty treated Plaintiff for knee pain and released Plaintiff to return to full work duties (R445-446). In July 2001, Plaintiff suffered another seizure (R215-219). In August 2001, Dr. Depaz began treating Plaintiff for back pain and allowed Plaintiff to continue her secretarial employment (R370-372).

In April 2002, Plaintiff received an epidural injection from Dr. Depaz and began working fewer hours each day (R358). In June 2002, Dr. Lipoff began treating Plaintiff for back pain and continued that treatment through December 2002 (R278-279, 461). Plaintiff reported a 60 percent reduction in lower back and leg pain (R279).

In February 2003, Dr. Depaz recommended vocational rehabilitation upon learning that Plaintiff had been laid off from work (R352-353). Dr. Depaz noted that Plaintiff could perform sedentary light activities with the ability to make position changes (R349). In March 2003, Plaintiff reported to Dr. Nazario that her seizures were kept under control by medications (R336-337). In April 2003, Dr. Hunter's medical evaluation revealed a full range of motion in all extremities and her knees (R346). Dr. Depaz repeatedly refilled Plaintiff's medication until July 2005, noting that Plaintiff's physical condition went unchanged in the previous year (R477-486).

**No. 1:07CV120-MMP/AK**

On February 10, 2003, Dr. Puestow assessed Plaintiff's residual functional capacity. Dr. Puestow indicated that Plaintiff could occasionally and frequently lift 10 pounds; sit, stand and/or walk for about 6 hours in an 8-hour workday; never climb ladders; and occasionally balance, stoop, kneel, crouch, and crawl (R291-298).

On July 2, 2003, a second residual functional capacity assessment indicated that Plaintiff was mildly restricted from activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace (R397-400).

The ALJ found that Plaintiff had the residual functional capacity to occasionally and frequently lift 10 pounds; sit for 6 hours in an 8-hour workday, but needed to alternate sitting and standing; stand and/or walk for at least 2 hours in an 8-hour workday; occasionally climb, balance, stoop, kneel, and crouch; but, the ALJ found that Plaintiff was limited in pushing and/or pulling with lower extremities; should never climb; and should avoid concentrated exposure to extreme environmental conditions (R27, R30).

F.     **SUMMARY OF THE ADMINISTRATIVE HEARING**

At the hearing, Plaintiff testified that she was 53 years old with a high school education (R517). Plaintiff testified that from 1980 to 2002, she worked as a hospital unit clerk but, before that, sold cosmetics and worked in a Publix deli (R517-518). Plaintiff testified that her chronic back pain prevented her from standing and walking for long periods of time (R520). She also testified that her knee pain caused similar restrictions, which prevented her from finishing work tasks (R523-525).

**No. 1:07CV120-MMP/AK**

Plaintiff testified that she was able to maintain her personal hygiene, complete household chores like cleaning dishes and dusting, launder her clothes, and shop for groceries (R521-523). Plaintiff testified that she must use the headboard to pull herself out of bed in the morning (R524). Plaintiff testified to sitting in her recliner chair, on her couch, or in a straight-back chair for about six hours each day (R528). Plaintiff also testified that she drove to Canada for a six-day vacation (R531), but was limited to remaining in her sister's house (R533).

Dr. Summit, the vocational expert, testified at the hearing. The ALJ told Dr. Summit to assume that the claimant had marked limitations in ability to maintain attention and concentration for extended periods, mild limitations in ability to interact with the general public, marked limitations in the ability to perform scheduled activities, and marked limitations in ability to complete a normal work day and work week without interruptions (R536-537). Dr. Summit testified that, based on the hypothetical, Plaintiff could not perform her past relevant work because that work's physical demands were classified as "light." (R537-539) Dr. Summit testified that Plaintiff was limited to "sedentary" work (R539). Dr. Summit testified that numerous clerical positions involved sedentary work capable of being performed by Plaintiff, including receptionist, information clerk, order clerk, records clerk, and general office clerk (R539-540).

**No. 1:07CV120-MMP/AK**

**G.    DISCUSSION**

a)    Treating physician's opinion

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).  Nevertheless, the ALJ may discount the treating physician's opinion if good cause exists to do so. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986).  Good cause may be found when the opinion is "not bolstered by the evidence," the evidence "supports a contrary finding," the opinion is "conclusory" or "so brief and conclusory that it lacks persuasive weight," the opinion is "inconsistent with [the treating physician's] own medical records," the statement "contains no [supporting] clinical data or information," the opinion "is unsubstantiated by any clinical or laboratory findings," or the opinion "is not accompanied by objective medical evidence."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991), (citing Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987)).  If an ALJ rejects a treating physician's opinion, he must give explicit, adequate reasons for so doing, and failure to do so results in the opinion being deemed accepted as true as a matter of law. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); Marbury v. Sullivan, 957 F.2d 837, 841 (11th Cir. 1992).

**No. 1:07CV120-MMP/AK**

The court concludes that the ALJ offered sufficient good cause for rejecting Plaintiff's treating physicians' opinions. The ALJ acknowledged that the medical evidence reflected Plaintiff's back disorder, degenerative joint disease, asthma, and seizures (R26). However, the ALJ concluded that Plaintiff's impairments did not produce limitations of incapacitating proportions (R27). The ALJ based that determination on the objective medical findings of multiple treating physicians, the residual functional assessment performed by the State agency physician, and the vocational expert's opinion.

Pertaining to Dr. Depaz' opinion, the ALJ noted that Dr. Depaz based his opinion on Plaintiff's unsupported subjective complaints of pain and found that his opinion contradicted his own medical records (R27). Additionally, Dr. Depaz' residual functional assessment (as well as Dr. Lipoff's) was a conclusory check-list form that provided no substantiating medical evidence (R27).

Pertaining to Dr. Lipoff's opinion, the ALJ noted that Dr. Lipoff completed a conclusory check-list form in 2005 despite not having seen Plaintiff since 2002 (R27). Compared with the objective medical evidence in the record, the ALJ found Dr. Lipoff's (as well as Dr. Depaz') opinion to lack credibility. This court concludes that the ALJ discounted the treating physicians' opinions for good cause.

b)  <u>Credibility finding</u>

The ALJ has "wide latitude" in evaluating the weight of evidence, particularly the credibility of witnesses. <u>Owens v. Heckler</u>, 748 F.2d 1511, 1514 (11th Cir. 1984). An

**No. 1:07CV120-MMP/AK**

ALJ may properly find subjective complaints not credible so long as she articulates reasons that are supported by the record.  Jones v. Department of HHS, 941 F.2d 1529 (11th Cir. 1991).  A clearly articulated credibility finding with substantial supporting evidence in the record should not be disturbed by a reviewing court.  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986); Sellers v. Barnhart, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

     Here, the ALJ properly articulated reasons for discrediting the Plaintiff's subjective complaints of pain.  The ALJ based her decision on the vocational expert's testimony, Plaintiff's residual functional capacity, and objective medical evidence in the record (R29). The ALJ considered Plaintiff's underlying medical conditions as well as the accompanying objective medical evidence, and she concluded that the medical evidence did not confirm the severity of the alleged pain nor did the medical conditions rise to such a severe level of pain (R26-28).  The ALJ further noted that Plaintiff's testimony regarding her lifestyle included activities, like grocery shopping and driving to Canada, that were inconsistent with Plaintiff's allegations of incapacitating limitations (R28). The ALJ took special care not to minimize the medical impairments contained in the record, but noted that the objective medical evidence, Plaintiff's own testimony, and

**No. 1:07CV120-MMP/AK**

the mitigating effects of medication created good cause to reject Plaintiff's subjective complaints of pain (R28).

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this __**14**$^{th}$__ day of July, 2008.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07CV120-MMP/AK**